JUSTICE GRAY
dissenting.
I respectfully dissent from the opinion of the majority. The facts of this case do not meet the “exigent circumstances” test for the so-called automobile exception to the search warrant requirement. I would reverse the District Court’s denial of appellant’s motion to suppress.
The majority correctly notes our definition of “exigent circumstances,” namely, that it was not practicable to obtain a warrant under the circumstances. State v. Cripps (1978), 177 Mont. 410, 422, 582 P.2d 312, 319. “Practicable” is defined by both Webster’s Third International Dictionary and Black’s Law Dictionary (Rev. 4th Ed.) as possible to perform or capable of being done or accomplished. The term certainly does not mean, and has never been construed to mean, merely convenient. The majority’s conclusion that the facts of this case meet the exigent circumstances test renders that test null and void insofar as it has heretofore protected the Fourth Amendment rights of Montanans. The constitutional requirement for search warrants has given way to a “convenience” analysis. I cannot agree.
The relevant and undisputed facts relied on by the majority are as follows. Early in the afternoon of April 7,1990, officers received a tip from appellant’s daughter-in-law. The tip was consistent with earlier information received by law enforcement, but never acted upon, that appellant was involved with drugs. A procedure was in place for obtaining warrants on weekends. It would have taken approximately four hours to obtain a search warrant, given the fact that April 7 was a Saturday. The officers did not attempt to obtain a warrant. Instead, by 5:00 p.m., three officers had established a stakeout. Because appellant was considered dangerous, law enforcement believed it necessary to have “more than one” officer present at the stakeout. The officer in charge believed that it was more important to set up the stakeout than to obtain a warrant. The three officers remained at the stakeout from 5:00 p.m. until 1:30 a.m., at which point one of the officers was allowed to leave. Appellant drove past the stakeout location at approximately 2:00 a.m., and was stopped; his automobile subsequently was searched at the scene.
The majority relies on specific facts and arguments to support its conclusion that these facts meet the exigent circumstances test: that *57 there was not time to obtain a warrant; that more than one officer was needed at the stakeout; and that the officer believed it was “more important” to set up the stakeout than to obtain a warrant. The majority’s reliance is flawed.
First, it is simply not the case, and the record does not support the assertion, that there was insufficient time to obtain the warrant. Rather, the record makes it clear that a procedure was in place for obtaining warrants on weekends and that it would have taken approximately four horns to do so. In other words, given that four hours elapsed from the time the tip was received until the stakeout was in place, the search warrant could have been obtained by the time the stakeout was established. Second, the officer’s belief that more than one officer was needed at the stakeout location adds nothing to the exigency of the circumstances here. In fact, by 5:00 p.m., three officers were at the stakeout and remained there in excess of eight hours, at which time one was allowed to leave. No testimony supports the need for three officers at the stakeout; nor does anything in the record or in the majority’s analysis support the notion that all three officers were needed for the entire time between receipt of the tip and 5:00 p.m. to the extent that no one was available to obtain a warrant. Finally, the majority’s reliance on the officer’s belief that it was “more important” to set up the stakeout than to obtain a warrant, as somehow helping to create exigent circumstances here, is chilling indeed. I do not question the officer’s belief; I do submit that the relative priorities placed on such matters by law enforcement officers is based on considerations unrelated to this Court’s obligation to uphold the public’s constitutional right to be free from unreasonable searches.
The facts of this case are clear that there was sufficient time and sufficient staff available to obtain a warrant. Under these facts, the “exigent circumstances” test was not met and appellant’s Fourth Amendment rights were violated.